No. 12,884.

OTTO HOLMGREN VS. ROBERT WERNER AND VICTOR WERNER; V. & R. WERNER VS. OTTO HOLMGREN; F. HINDERER VS. O. HOLMGREN ET AL.; H. F. LEWIS & CO. VS. OTTO HOLMGREEN ET AL.; RAMOS LUMBER COMPANY VS. OTTO HOLMGREN ET ALS.; LOUISIANA GLASS & MIRROR WORKS, LIMITED, VS. R. & V. WERNER ET AL.; J. D. BURKHARDT VS. OTTO HOLMGREN ET AL.    (CONSOLIDATED.)

SYLLABUS.

An objection for the first time urged in argument, that a building contract and the specifications likewise contain a stipulation to the effect that no new or extra work shall be allowed, unless same is evidenced by the written consent of the owners accompanied with a detailed statement, can not be considered as a legitimate defense, in case it is alleged in the contractor's petition that all of the extra work was ordered by the owner and done at his special request with the distinct understanding and agreement between the parties, that the clause referred to should be waived, and said averment is not denied or disavowed in defendants' answer.

ON APPEAL from the Civil District Court for the Parish of Orleans.    *Theard, J.*

*Hubert M. Ansley* and *Edwin T. Merrick* for Otto Holmgren, and H. F. Hinderer and H. F. Lewis & Co., Appellees.

---

*Albert Voorhies* for V. & R. Werner, Appellants.

---

*Frank N. Butler* for the Ramos Lumber & Manufacturing Company, Limited, Appellee.

---

*G. Fernandez, Jr.,* for R. McWilliams, Appellee.

*Charles F. Claiborne* for J. D. Burkhardt, Appellee.

*K. V. Richard* and *B. McCloskey* for August Schabel, Murty Wheatly, F. X. Faller, Appellees.

*F. B. Thomas* for Louisiana Glass and Mirror Works, Ltd., Appellee.

Argued and submitted May 20, 1899.
Opinion handed down June 12, 1899.
Rehearing refused June 29, 1899.

The opinion of the court was delivered by

WATKINS, J.  In the original case the plaintiff, Holmgren, a builder, instituted suit against Robert Werner and Victor Werner, the owners of certain real estate situated on Constance street, in the city of New Orleans, for the erection and construction of two houses, for which he demanded judgment for the sum of $2,534.19, with the recognition of lien and privilege on the buildings and grounds upon which same are situated.

Plaintiff alleges that said work was done and said houses were constructed under and in pursuance of a contract notarial in form, and bearing date July 2nd, 1896; as well as in conformity with plans and specifications which were part thereof.

That he constructed, erected and equipped said structures, as well as furnished the labor and materials designated in the contract and plans and specifications; and that for said work he was to receive $6000, of which there is still due him $945.00.

That at the verbal request, and under the instructions of the defendants, he performed certain additional extra work to the amount of $1589.19—the two items making the sum for which judgment is claimed.

The following statement is then made, viz:

"All of same were ordered by said defendants notwithstanding the "stipulation that no extra work was to be done, unless upon the "*written* order of the owners, the said (defendants) agreeing with "petitioner, that said clause in the contract should be abrogated, and "instructing (him) to proceed as verbally requested, etc."

The contract, plans and specifications are annexed to the petition.

The defendants excepted to the prematurity of the suit, on the

ground, that it was brought within fifteen days from the delivery of the buildings in a state of completion as required by the terms of the contract; and further on account of vagueness in the allegations as to extra work performed and extra services rendered—no detailed statement thereof having been annexed to the petition.

For answer they plead the general issue and aver the truthfulness of their allegations in the suit of V. & R. Werner vs. O. Holmgren *et al,* for damages for non-compliance with and violation of said building contract.

Plaintiff filed a supplemental petition in which he claimed an additional sum of $488.24 on his written agreement; and a further sum of $259.21 for extra work—for all of which he has a lien and privilege on the building and ground.

The claim of plaintiff is then, as follows, viz:

On the building contract ..............................$1433.24
For extra work ....................................... 1848.40

Total ......... ....................................$3281.64

The two causes of Holmgren vs. Werner Bros., and Werner Bros. vs. Holmgren, were consolidated; and subsequently the other causes of Hinderer vs. Holmgren; Lewis & Co. vs. Holmgren; Ramos Lumber Co. vs. Holmgren; J. D. Burkhardt vs. Holmgren, and Louisiana Glass and Mirror Works, Limited, vs. Werner Bros., were likewise cumulated therewith, and all were tried and decided as one single litigation—the respective claims being germane to each other.

In V. & R. Werner vs. Holmgren *et al.*—which was brought within one week after the suit of Holmgren vs. V. & R. Werner was filed—claim is made that Holmgren had violated his contract in several particulars, viz:

1st. That the painting is inferior, the material used of bad quality, and in some cases there were only two coats, whereas three were called for, for which a deduction is claimed of........ $300.00
2nd. For the omission of electric bells................... 50.00
3rd. For omission of top-bolts on windows............... 25.00
4th. For picture-mouldings in upper stories............. 20.00
5th. For crooked campo-board........................ 750.00
6th. Bad material in brick work........................ 250.00
7th. For unfinished water closets...................... 50.00
8th. Bad cement, etc................................. 50.00

9th.  Bad weather-boarding........................      300.00
10th. Omission of shed, etc.............................      300.00
11th. Demurrer or liquidated damages....................      215.00

The whole aggregating...............................$2,360.00

They invoke the clause of the building contract which requires Holmgren, as builder and contractor, to deliver the buildings complete on or before the 1st of October, 1896, and in default of which he was obliged to pay five dollars per day as liquidated damages during such period of time as same should remain in an incompleted condition.

The further allegation is then made that the contractor "made " it necessary for (them), under the stipulations of the contract, to " take possession of the premises on November 23rd last, (1896), in " order to protect himself against further damage."

In Hinderer vs. Holmgren, claim is made for $115.00, for constructing and erecting upon the aforesaid premises fifty feet of iron fence; and having made the Werner Bros. parties, he prays judgment against them and Holmgren.

In Lewis & Co. vs. Holmgren, claim is made for $123.00 for building a cistern, and he asks for judgment therefor against the Werner Bros. and Holmgren.

In Ramos Lumber Co. vs. Holmgren, claim is made against the Werner Bros. and Holmgren for $590.00, for factory work of different kinds, and materials used in the building and construction of said houses.

In Louisiana Glass and Mirror Works, Limited, vs. V. & R. Werner, claim is made for $113.00 for goods and merchandise sold them, and which were employed and used in said buildings.

In Burkhardt vs. Holmgren, claim is made for a balance of $196.60, for work and materials furnished to and used in said two buildings, and for which he prays a judgment accordingly.

In these consolidated suits, the following judgment was rendered, viz:

1st.  In Holmgren vs. Werner Bros., in favor of the plaintiff and against the two defendants jointly, for the sum of $2,362.85.

2nd.  In Werner Bros. vs. Holmgren, in favor of the plaintiff and against the defendant, for the sum of $37.40; and in favor of intervenor, McWilliams, and against Werner Bros. for $52.66.

3rd.  In Louisiana Glass and Mirror Works, Limited, vs. Werner

Bros., in favor of the plaintiff and against the defendants jointly for $113.00.

4th.   In Hinderer vs. Werner Bros., in favor of the plaintiff and against the defendants jointly, in the sum of $115.00.

5th.   In Lewis & Co. vs. Werner Bros., in favor of the plaintiffs and against the defendants jointly, in the sum of $123.00.

6th.   In Ramos Lumber Co. vs. Werner Bros., in favor of the plaintiffs and against the defendants jointly, in the sum of $590.00.

7th.   In Burkhardt vs. Werner Bros., in favor of the plaintiff and against the defendants jointly, in the sum of $196.60.

8th.   It finally ordered that from the amount of $2,362.85, decreed to be due by V. & R. Werner, that there be first deducted the sum of $37.44, with interest and cost; and that afterwards there shall be deducted the several sums which have been awarded in favor of the various parties enumerated against V. & R. Werner.

From that judgment Victor Werner and Robert Werner alone, have appealed; and in this court Holmgren, appellee, has answered the appeal and requested an amendment of the judgment so as to increase the amount thereof to $3,281.60; and that, as thus amended, same be affirmed.

These consolidated cases present a mass of conflicting testimony with regard to the construction of two new buildings, and the materials employed therein; but the matters which are principally contested are those mentioned in the suit of Werner Bros. vs. Holmgren, in reference to certain alleged defects of construction and faultiness of materials that are specifically enumerated *supra*.

After giving attention to the testimony *pro* and *con*, as it was detailed by the witnesses, the judge *a quo* evidenced his want of appreciation of it, by giving them judgment for only $37.40 upon their demand for $2,360.00.

One of the contentions of counsel for the Werners is that the building contracts, as well as the specifications, contain a stipulation to the effect that no new or extra work shall be allowed, unless evidenced by the *written* consent or order of the owners, accompanied with a statement of the amount of the cost thereof.

He insists upon a rigid enforcement of that clause, and charges that by the contractor's non-observance of same "the flood-gates of discus- "sion are now thrown open."

But in making that statement, counsel has overlooked the aver-

ment made in Holmgren's petition, which is to the effect, that all of the extra work was *ordered by the Werners,* notwithstanding the stipulation of the contract, that no extra work should be done otherwise than upon the *written* orders of the owners; and that this extra work was done at the request of the owners, and with the distinct understanding that said clause had been waived by said contracting parties by mutual agreement.

That statement is not disavowed or denied in the answer of the Werners to the suit of Holmgren; nor is it disavowed in the suit of Werner vs. Holmgren, which was subsequently filed.

Consequently this undenied averment of Holmgren may be considered as admitted, and therefore not an issue in the case.

In addition, the record discloses that the amount and value of the extra work was the subject of discussion in the lower court, and the itemized list of same was submitted to examination by the witnesses; and that its value is shown to be in excess of the specifications, by at least two thousand dollars.

On the list of items of damages is one which relates to the campo-board, and the charge is, that the article supplied was crooked and cracked, and the workmanship defective, and on that account the deduction claimed is $750.00.

The testimony shows that the campo-board is a patented article, which is supposed to subserve the purposes of plastering, and is made by only one concern in the United States.   One witness states that it is not suited for use in this climate; and another that the article used was crooked in many places when delivered.

But the testimony of other witnesses shows that a representative of the company controlling the patent, visited New Orleans and exhibited samples to the Werners, and that they accepted them, and inserted a specification for their employment in the building contract.

In other words, the campo-board was a selection of the Werners, and any fault or imperfection therein is attributable to them, exclusively.

Other items of reduction claimed, were traversed to some extent by testimony, but it is of an unsatisfactory and desultory nature, and but little attention has been given to it in the briefs and oral argument; and same is of a character too unimportant to justify an alteration of the judgment appealed from.

Nor do we think the plaintiff has made good his claim to an increase of the award in his favor.

We think the judge *a quo* has done full justice to all parties.
Judgment affirmed.